```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DAVID J. WEISS                    :        CIVIL ACTION
                                  :
         v.                       :
                                  :
FIBER OPTIC DESIGNS, INC.         :        NO. 06-5258
```

MEMORANDUM

Bartle, C.J.                                              August 27, 2008

In November, 2006, plaintiff David J. Weiss ("Weiss"), who lives in South Carolina, filed a complaint for breach of contract against defendant Fiber Optic Designs, Inc. ("FOD"), a Pennsylvania corporation. He alleges that FOD failed to pay him certain commissions due under a licensing agreement. FOD filed a counterclaim against Weiss, which, as amended, asserts: (1) misappropriation of trade secrets under Pennsylvania's Uniform Trade Secrets Act, 12 Pa. Cons. Stat. Ann. § 5301, *et seq.*; (2) misappropriation of trade secrets under the common law of Pennsylvania; (3) breach of duty of loyalty under the common law of Pennsylvania; (4) tortious interference with existing and prospective business advantage under the common law of Pennsylvania; and (5) unfair competition under the common law of Pennsylvania. Now pending before the court is the motion of FOD for sanctions against Weiss for violations of court orders. FOD seeks dismissal of the complaint.

In March, 2007, FOD initially sought discovery, through Request No. 22 of its First Set of Document Requests and

Interrogatory No. 4 of its First Set of Interrogatories, of financial data relating to Weiss's income for each year since 1998.  Such information was, and remains, highly relevant to FOD's counterclaims.  After Weiss failed to produce the requested data, FOD moved to compel production on September 25, 2007.  On October 18, 2007, we held a telephonic conference during which we directed Weiss to conduct a thorough search for responsive documents and information and to produce promptly the results of that search.  Since the court had every indication plaintiff would comply, we denied FOD's motion to compel production without prejudice.

As of February, 2008, Weiss had still failed to produce the requested documents.  On February 29, we granted FOD's second motion to compel and ordered Weiss to produce all responsive documents by March 10, 2008.  On the day of March 10, counsel for Weiss represented to counsel for FOD that Weiss could not comply with our order of February 29 because the requested documents were in the sole possession of the Internal Revenue Service ("IRS").  Counsel for Weiss attached a form that purportedly authorized counsel for FOD to seek release of Weiss's tax returns from the IRS although the document did not in fact grant such authorization.

On March 30, 2008, counsel for Weiss represented to counsel for FOD that he himself was attempting to acquire Weiss's tax returns from the IRS.  Counsel stated that Weiss's copies of the requested documents were locked in a safety deposit box in

Pennsylvania, which was not easily accessible to Weiss, who resided in South Carolina.  This contradicted the position previously maintained by Weiss for over a year that he could not locate the said documents.

On May 23, 2008, Weiss finally produced a response to the previously unanswered Interrogatory No. 4, "without having had the opportunity to review the underlying documentation," according to his counsel.  However, he did not produce his personal income tax returns or other items responsive to Request No. 22 of FOD's First Set of Document Requests served over a year before in March, 2007.

Also on May 23, FOD filed the instant motion for sanctions.  On May 28, 2008, in response to Weiss's continued noncompliance with our order of February 29, 2008, we issued an order containing a new deadline of June 4, 2008 for the production of the tax returns.  We later denied a request of counsel for Weiss to extend this deadline by seven days and warned that failure to produce the documents on or before June 4 would result in "drastic consequences" for Weiss, including the possibility of holding him in civil contempt.

Weiss did not produce the requested documents by June 4.  He had not accessed his safety deposit box or otherwise acquired copies of the tax returns from the IRS.  During a telephonic conference with counsel on June 6, 2008, we warned that Weiss appeared to be in contempt of a court order.  Despite this, Weiss's counsel advised that Weiss would be unable to

obtain the tax returns from the safety deposit box in Pennsylvania until the weekend of July 4, 2008.  The court was told that Weiss was unwilling to permit anyone in the Philadelphia area, including his counsel or nearby family members, to open the safety deposit box on his behalf.

We held a civil contempt hearing on July 7, 2008, which Weiss attended.  Counsel for Weiss testified that he had informed Weiss of each of the court's several orders relating to discovery and the seriousness of his failure to comply with such orders.  Weiss himself also testified at the hearing and acknowledged his counsel had kept him informed of the discovery propounded by FOD and of the court's orders and directives related thereto.  He stated that only on July 2 had he discovered that the safety deposit box did not contain the tax returns after all.  He suggested further that while responsive documents might be in the possession of his erstwhile accountant, he had apparently gone out of business and was now untraceable.  Weiss conceded that he had immediate access to a repository of as-yet-unproduced but responsive information, including online banking data and other financial documents, that he had not yet produced.  He then stated that he planned to leave the country on July 8 for several weeks on a business trip but that he would again seek the responsive documents upon his return.

At the July 7 hearing, we held Weiss in civil contempt under Rule 37(b)(2)(A)(vii) of the Federal Rules of Civil Procedure and imposed monetary sanctions in an attempt to

motivate him to produce promptly the requested documents.  He was ordered to pay a sanction of $3,000 within 10 days of July 8, and a continuing sanction of $200 for each day that Weiss failed to produce the responsive documents.  As of this writing, Weiss has not yet come forth with the documents at issue and has not granted his own attorney authorization to acquire any of the documents from the IRS.  He has also not paid any of the more than $10,000 currently due pursuant to our order of July 7.  Counsel for Weiss heard from him for the final time on July 16, 2008, and has since moved to withdraw as counsel.

Under Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863, 868 (3d Cir. 1984), we must consider six factors when deciding whether to dismiss a plaintiff's complaint with prejudice:  personal responsibility, prejudice, history of dilatoriness, willfulness or bad faith, effectiveness of sanctions other than dismissal or preclusion, and meritoriousness of claims or defenses.

We easily find that the first five Poulis factors militate in favor of dismissal.  Weiss's personal responsibility and willfulness in failing to produce the records are beyond question.  His course of noncompliance has continued for nearly a year and a half, more than long enough to establish a history of dilatoriness.  That delay has impaired defendant's ability to advance its counterclaim, which is predicated in part upon the allegations that Weiss was financially involved with one of FOD's business rivals in violation of law.  The delay has also

prejudiced defendant by preventing the case from advancing beyond the discovery stage after almost two years of litigation and by forcing defendant to expend considerable time and legal fees on motions to force compliance with discovery.  With respect to the effectiveness of alternative sanctions, Weiss has already demonstrated, and indeed, continues to demonstrate, that he is unwilling to heed the court's orders even at great financial cost to himself.

The sixth <u>Poulis</u> factor, the meritoriousness of Weiss's claim, is neutral.  Nonetheless, "not all of the <u>Poulis</u> factors need be satisfied in order to dismiss a petition."  <u>In re Diet Drugs (Phentermine/Fenfluramine/Dexfenfluramine) Prods. Liab. Litig.</u>, 381 F. Supp. 2d 421, 425 (E.D. Pa. 2005).  The totality of the circumstances clearly establishes that dismissal is the proper course of action.

Based on Weiss's established pattern of discovery misconduct and willful inattentiveness to his own case, we will grant defendant's motion for sanctions and dismiss the complaint of Weiss with prejudice.

```
                    IN THE UNITED STATES DISTRICT COURT
                 FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

DAVID J. WEISS                      :           CIVIL ACTION
                                    :
        v.                          :
                                    :
FIBER OPTIC DESIGNS, INC.           :           NO. 06-5258

### ORDER

AND NOW, this 27th day of August, 2008, for the reasons set forth in the accompanying Memorandum, it is hereby ORDERED that:

(1)  the motion of defendant Fiber Optic Designs, Inc. for sanctions for violations of court orders (Doc. # 63) is GRANTED;

(2)  the complaint of plaintiff David J. Weiss is DISMISSED with prejudice; and

(3)  the Clerk of Court shall serve a copy of this Memorandum and Order upon plaintiff David J. Weiss at 322 Camden Circle, Pawleys Island, SC 29585.

                                    BY THE COURT:


                                    /s/ Harvey Bartle III
                                                        C.J.